UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELON RANDOLPH,<br>Plaintiff,<br>v.<br>SUNBELT RENTALS, INC.,<br>Defendant. | No. 2:25-cv-02541-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Elon Randolph's ("Plaintiff") Motion to Remand. (ECF No. 5.) Defendant Sunbelt Rentals, Inc. ("Defendant") filed an opposition. (ECF No. 6.) Plaintiff filed a reply. (ECF No. 8.) For the reasons set forth below, the Court GRANTS Plaintiff's motion. (ECF No. 5.)

///

///

///

///

///

///

///

///

## I. Factual and Procedural Background[1]

This action arises out of Defendant's alleged wage and hour violations. From September 2021 through August 2022, Defendant employed Plaintiff as a recruiter. (ECF No. 5-1 at 6–7.) Plaintiff was responsible for tracking and maintaining candidate progress during the hiring process. (*Id.* at 7.) Plaintiff alleges that because of hiring timelines and his workload, he regularly worked more than eight hours per day and forty hours per week, through lunch periods, and without required breaks. (*Id.*) Additionally, Plaintiff alleges that, at times, he was not paid overtime wages and his employer failed to accurately log his hours worked. (*Id.*) In May 2022, Plaintiff took a medical leave of absence, citing stress and anxiety, that Defendant approved through August 15, 2022. (*Id.*) After Plaintiff requested an extension of this medical leave, Defendant denied his request and terminated his employment two weeks later. (*Id.* at 8.)

Plaintiff filed this action against Defendant in Sacramento County Superior Court on May 23, 2025. (*Id.* at 5.) The Complaint ("Complaint") alleges various state law claims, including claims for unpaid wages and overtime, wrongful discharge, and disability discrimination. (*Id.* at 8–14.) Plaintiff seeks a default judgment against Defendant "in an amount up to $1,000,000 for compensatory damages[] and liquidated damages." (*Id.* at 8.) Plaintiff also seeks lost wages and overtime compensation, interest for loss amounts related to wages, statutory damages, liquidated damages, injunctive relief, attorney's fees and costs of suit, and punitive damages. (*Id.* at 9, 14.) Plaintiff served Defendant on June 13, 2025. (*Id.* at 16; ECF No. 6 at 2.) Plaintiff filed the operative First Amended Complaint ("FAC") on July 14, 2025, alleging claims materially similar to those asserted in the Complaint. (ECF No. 5-1 at 23.) Defendant removed the action to this Court based on diversity jurisdiction on September 4, 2025. (ECF No. 1.) Plaintiff filed a Motion to Remand on September 25, 2025. (ECF No. 5.)

## II. Standard of Law

Any civil action which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. 28 U.S.C. § 1441(a). A district court has

---

[1] The instant factual background is taken from Plaintiff's Complaint. (*See* ECF No. 5-1 at 5–14.)

original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

Removal statutes are to be strictly construed against removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation modified).

**III. ANALYSIS**

Plaintiff moves to remand this action to Sacramento County Superior Court, arguing Defendant's removal was untimely. (ECF No. 5 at 5–6.) Plaintiff also requests an award of attorney's fees and costs incurred in filing this motion. (*Id*. at 6–7.) The Court will address each of these issues in turn.

A. <u>Whether Defendant's Removal Was Untimely</u>

Plaintiff argues it was clear from the face of the Complaint there was complete diversity and the amount in controversy exceeded $75,000, yet Defendant did not timely remove the action within thirty days of June 13, 2025, when Plaintiff personally served the Complaint. (*Id.* at 5.) Plaintiff further argues the FAC did not "restart" the 30-day clock for removal, as the grounds for removal identified in the Notice of Removal are based on allegations that were already pleaded in the Complaint.[2] (*Id.* at 6.)

---

[2] Alternatively, Plaintiff argues that even if the FAC began the 30-day removal period, Defendant's removal was still untimely because Plaintiff transmitted the FAC and Summons to Defendant on July 16, 2025, making August 15, 2025, the deadline to file the Notice of Removal. (ECF No. 5 at 6.) Defendant responds that service was not effectuated until August 5, 2025 (when it signed and returned the Notice and Acknowledgement of Receipt), and it timely filed the Notice of Removal within 30 days of that date. (ECF No. 6 at 5.) As will be discussed, the Court finds the allegations in the Complaint triggered the 30-day removal deadline, which is dispositive

In opposition, Defendant contends neither the Complaint nor the FAC established the amount in controversy exceeded $75,000. (ECF No. 6 at 4.) Defendant further contends removal rested solely on its own information "that Plaintiff earned an annual salary of $79,800.00 at the time of his termination." (*Id.*) According to Defendant, because neither pleading revealed on its face that the jurisdictional threshold was satisfied, neither 30-day removal period under 28 U.S.C. § 1446(b) was triggered and removal was therefore timely under *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013). (*Id.*)

In reply, Plaintiff maintains Defendant admitted in its Notice of Removal the Complaint's request for up to $1,000,000 in compensatory damages and liquidated damages independently satisfies the amount-in-controversy requirement. (ECF No. 8 at 2.)

28 U.S.C. § 1446 governs the procedure of removal. *Roth*, 720 F.3d at 1124. Section 1446 requires "that a notice of removal be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Id.* (citing 28 U.S.C. § 1446(b)(1), (b)(3)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make a further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The first 30–day "time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Id.* at 690–91 (citation modified). However, an initial pleading "that is 'indeterminate' on its face will not trigger the 30-day window for removal." *Veillette v. Renown Health*, No. 3:14-cv-00327-RCJ-VPC, 2014 WL 5286517, at *4 (D. Nev. Oct. 15, 2014). "If it becomes ascertainable that an action is removable from a subsequent 'amended pleading motion, order or other paper,' the 30-day window to remove begins upon the defendant's receipt of such 'paper.'" *Id.* (quoting 28 U.S.C. § 1446(b)). The rule "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability,"

---

for the purposes of ruling on the instant motion. The Court therefore declines to address the parties' alternative arguments.

but not to "make extrapolations or engage in guesswork." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

The Court agrees with Plaintiff that it is clear from the face of the Complaint the amount in controversy exceeds $75,000 and therefore triggered the 30-day removal period.[3] The parties do not dispute that Plaintiff served Defendant on June 13, 2025. (ECF No. 5 at 3; ECF No. 6 at 2.) Defendant therefore had until July 14, 2025, to remove if the Complaint revealed a basis for removal. *See* 28 U.S.C. § 1446(b)(1). The Complaint stated that Plaintiff seeks a default judgment against Defendant "in an amount up to $1,000,000 for compensatory damages[] and liquidated damages." (ECF No. 5-1 at 8.) This allegation placed more than $75,000 in controversy within the four corners of the Complaint. *See Harris*, 425 F.3d at 694. Defendant did not need to consult its own records or otherwise "make extrapolations or engage in guesswork" to ascertain removability. *Kuxhausen*, 707 F.3d at 1140. Moreover, Defendant's Notice of Removal confirms this conclusion because Defendant itself relied on the same allegation as independently satisfying the amount-in-controversy requirement (ECF No. 1 at 8), even though its opposition to the instant motion does not acknowledge that earlier position. (ECF No. 6 at 4).

Because the Complaint triggered the 30-day removal period under 28 U.S.C. § 1446(b)(1), the Court need not decide whether the FAC triggered a later removal period under 28 U.S.C. § 1446(b)(3). In any event, Defendant has not persuaded the Court the grounds for removal identified in the Notice of Removal rest on anything other than allegations pleaded in the Complaint and repeated in the FAC. *Roth* also does not alter the Court's conclusion because *Roth* permits removal based on a defendant's own investigation only when the defendant has not already lost the right to remove by failing to act within a triggered 28 U.S.C. § 1446(b)(1) or § 1446(b)(3) period. 720 F.3d at 1125–26. Since the Complaint triggered the 28 U.S.C. § 1446(b)(1) removal period, Defendant cannot rely on *Roth* to remove after the 30-day deadline

[3] Neither party disputes diversity of citizenship. The Court therefore only considers whether the requisite amount in controversy has been established for purposes of removal.

expired.

Because the Complaint affirmatively revealed the amount in controversy exceeded $75,000, Defendant was required to remove this action within 30 days of service. *See* 28 U.S.C. § 1446(b)(1). Defendant did not file its Notice of Removal until September 4, 2025, more than 30 days after service. (ECF No. 1.) The removal was therefore untimely, and the Court grants Plaintiff's Motion to Remand.

B. Request for Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff seeks $4,675 in attorney's fees and costs incurred because of Defendant's removal. (ECF No. 5 at 6–7.) Plaintiff argues Defendant's removal was not objectively reasonable because he filed the instant motion only after Defendant failed to respond to an email requesting Defendant agree to an order to remand. (*Id.* at 7.) In opposition, Defendant contends removal was objectively reasonable because it "established the basis for removal by applying its own information that Plaintiff earned an annual salary exceeding $75,000, at the time of his termination." (ECF No. 6 at 6.) In reply, Plaintiff maintains Defendant's opposition directly contradicts its Notice of Removal, and Defendant's inability to oppose remand without disavowing its earlier position underscores the lack of an objectively reasonable basis for removal. (ECF No. 8 at 2.) Plaintiff also requests an additional $1,700 for time spent preparing the reply brief, bringing the total request to $6,375. (*Id.* at 3.)

The Court declines to award attorney's fees and costs.[4] The Court ultimately rejects Defendant's position that the pleadings did not facially reveal the requisite amount in controversy and that it could only rely on its own information regarding Plaintiff's salary to ascertain removability. (ECF No. 6 at 6.) However, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier*, 518 F.3d at 1065. Plaintiff's arguments to the contrary are not persuasive. Defendant's failure to respond to Plaintiff's pre-motion email concerns Defendant's conduct after removal rather than its basis for seeking removal. That failure does not present the type of unusual circumstance that warrants a departure from the general rule. *See Martin*, 546 U.S. at 141. Nor does the inconsistency between Defendant's Notice of Removal and its opposition warrant a different result. That inconsistency bears on the merits of the timeliness question, which the Court has resolved in Plaintiff's favor. But the weakness of a removing party's arguments does not by itself establish that the party lacked an objectively reasonable basis for seeking removal. *See Lussier*, 518 F.3d at 1065. Absent meaningful argument to the contrary, the Court cannot say Defendant's removal "lacked an objectively reasonable basis" as would warrant an award of attorney's fees. *Martin*, 546 U.S. at 141. Thus, the Court denies Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 5) is GRANTED. The Court declines to award Plaintiff's attorney's fees and costs incurred in bringing this motion. This case is hereby remanded to Sacramento County Superior Court. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Defendant also relies on *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006), to argue that it had an objectively reasonable basis for removal because it removed within 30 days of service of the FAC. (ECF No. 6 at 5–6.) The Court need not reach this alternative argument because, for the reasons discussed below, Plaintiff has not shown that an award of fees is warranted under *Martin* and *Lussier*.